IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NORTH ATLANTIC IMPORTS, LLC,    )
                                )
            Plaintiff,          )
                                )
      v.                        )          C.A. No. 23-999-GBW-SRF
                                )
LOCO-CRAZY GOOD COOKERS, INC.,  )
                                )
            Defendant.          )

## REPORT AND RECOMMENDATION

Presently before the court in this civil action for patent infringement, violations of the Lanham Act, 15 U.S.C. § 1125(a), deceptive trade practices under 6 *Del. C.* § 2532, and false marking under 35 U.S.C. § 292 is the partial motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendant LoCo-Crazy Good Cookers, Inc. ("Defendant"). (D.I. 12)[1] For the following reasons, I recommend that the court DENY Defendant's partial motion to dismiss.

## I.    BACKGROUND

Plaintiff North Atlantic Imports, LLC d/b/a Blackstone ("Plaintiff") is well-established in the market for outdoor cooking griddles and accessories. (D.I. 1 at ¶ 10) Plaintiff owns U.S. Patent No. 10,660,473 ("the '473 patent"), entitled "System, Device and Method for Controlling Convective Heating of a Griddle." (*Id.* at ¶ 16)

Defendant entered the market for outdoor cooking griddles in 2022 and directly competes with Plaintiff in that market, selling and advertising to the same customers at stores such as Home Depot and Lowes. (*Id.* at ¶¶ 12, 18, 29) Since its entry into the market, Defendant has

---

[1] The briefing and related filings associated with the pending motion to dismiss are found at D.I. 13, D.I. 15, and D.I. 17.

copied Plaintiff's intellectual property. (*Id.* at ¶¶ 12-13, 18-19)  Plaintiff sent Defendant a cease-and-desist letter on August 24, 2022, informing Defendant of its infringement of the '473 patent. (*Id.* at ¶ 19)  The letter also notified Defendant of its false statements in advertising its SmartTemp Kettle Charcoal Grill, 3-Burner Precision Griddle, and 2-Burner Precision Griddle (collectively, the "False Advertising Products"). (*Id.* at ¶ 26)  In its advertising, Defendant represented that the False Advertising Products had patented "SmartTemp" technology, even though no such patent exists. (*Id.* at ¶¶ 21, 23, 25)

On September 8, 2023, Plaintiff filed this civil action alleging that Defendant's propane griddle Model Nos. LCG3ST3C36 and LCG1STTC36 (the "Accused Products") infringe the '473 patent, and the advertisements for its False Advertising Products violate the Lanham Act and the Delaware Uniform Deceptive Trade Practices Act. (*Id.* at ¶¶ 18, 26)  The complaint further alleges that Defendant violates the false marking statute by representing that the False Advertising Products feature patented SmartTemp technology. (*Id.* at ¶ 57)

On November 2, 2023, Defendant moved to dismiss Counts II, III, and IV of the complaint for violations of the Lanham Act, the Delaware Uniform Deceptive Trade Practices Act ("DTPA"), and the false marking statute, respectively. (D.I. 12)  Defendant does not seek dismissal of Count I of the complaint for infringement of the '473 patent.  The motion is fully briefed and ripe for resolution.

## II.   LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although

detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true in the light most favorable to the plaintiff, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

## III.   DISCUSSION

### A.  Count II:  False Advertising under the Lanham Act, 15 U.S.C. § 1125(a)

Defendant contends that Count II of the complaint should be dismissed because it fails to state a claim under the Lanham Act, 15 U.S.C. § 1125(a). (D.I. 13 at 4-8) To prevail on a claim for false advertising under the Lanham Act, a plaintiff must prove: (1) the defendant has made a false or misleading statement regarding his own product or another's; (2) that has a tendency to deceive the intended audience; (3) the deception is material and is likely to influence purchasing decisions; (4) the advertised goods traveled in interstate commerce; and (5) there is a likelihood

of injury to the plaintiff. *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 198 (3d Cir. 2014) (citing *Pernod Ricard USA, LLC v. Bacardi U.S.A., Inc.*, 653 F.3d 241, 248 (3d Cir. 2011)). To state a claim, "the complaint must include sufficiently detailed allegations regarding the nature of the alleged falsehood to allow defendant to make a proper defense." *Robert Bosch LLC v. Pylon Mfg. Corp.*, 632 F. Supp. 2d 362, 365 (D. Del. 2009) (internal citations and quotation marks omitted).

Defendant argues that Count II should be dismissed because the complaint does not adequately plead the second, third, and fifth elements of a false advertising claim. (D.I. 13 at 6) Regarding the second element, Defendant contends that the complaint contains only threadbare legal conclusions supporting actual deception or a tendency to deceive due to Defendant's advertisements. (*Id.* at 6) But the complaint also contains factual allegations to support an inference of deception. For example, the complaint alleges that Defendant falsely represented to its customers that its products contain innovative technology, and these false representations persuade customers to purchase Defendant's products instead of Plaintiff's products. (D.I. 1 at ¶¶ 28-29, 43) At this stage, the court must accept as true Plaintiff's pleaded allegations that Defendant's advertisements are false, giving rise to a presumption of actual deception or a tendency to deceive. *See Pernod Ricard*, 653 F.3d at 248 ("[A]ctual deception or a tendency to deceive is presumed if a plaintiff proves that an advertisement is unambiguous and literally false."); *see also Shure Inc. v. Clearone, Inc.*, C.A. No. 19-1343-RGA-CJB, 2020 WL 2839294, at *8 (D. Del. June 1, 2020) ("[W]here a plaintiff has alleged that the relevant statements are literally false, it is entitled to a presumption of actual deception."). Defendant's reliance on the Third Circuit's decision in *Castrol Inc. v. Pennzoil Co.* is misplaced because that case addresses

4

the ultimate burden of proving deception by a preponderance of the evidence, without addressing the requisite showing at the pleadings stage.  987 F.2d 939, 943 (3d Cir. 1993).

With respect to the third element, Defendant maintains that the complaint does not adequately plead the materiality of the deception to customers' purchasing decisions.  (D.I. 13 at 7)  Again, however, the complaint contains fact-based allegations featuring Defendant's actual advertisements to show how those ads highlight Defendant's "patented SmartTemp™" technology to sway customers.  (D.I. 1 at ¶ 21)  The complaint further alleges that Plaintiff and Defendant are direct competitors who sell their products at the same stores, including Lowes and Home Depot.  (*Id.* at ¶ 29)  Construing these allegations in the light most favorable to Plaintiff, it is reasonable to infer that customers would consider Defendant's false advertisements material to their purchasing decisions when faced with two similar, directly competing products.  *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Defendant's position that Plaintiff must plead customer reliance at the time of the purchasing decision is supported by post-judgment case law, as opposed to cases addressing a motion to dismiss the pleading.  *See Parkway Baking v. Freihofer Baking Co.*, 255 F.2d 641, 648 (3d Cir. 1958) (affirming judgment of district court on appeal).

The complaint also satisfies the fifth element of a Lanham Act claim by plausibly alleging a likelihood of injury to Plaintiff.  The Third Circuit has held that a plaintiff need only establish "a reasonable basis for the belief that the plaintiff is likely to be damaged as a result of the false advertising."  *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 595  (3d Cir. 2002).  Here, the complaint alleges that sales of Plaintiff's products have been directly diverted to Defendant due to Defendant's false

advertising.  (D.I. 1 at ¶¶ 28-29, 43-44)  Factual allegations regarding the similarity of the

competing products and the identity of the stores in which those products are sold support a

causal connection between the false advertisements and Plaintiff's injury.  (*Id.* at ¶ 29); *contra*

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*, C.A. No. 16-194-GMS, 2017 WL 3021066, at *4

(D. Del. July 14, 2017) (denying motion to amend as futile where proposed Lanham Act claim

for false advertising failed to identify a causal connection between claims made on Nespresso's

website and lost sales experienced by ECC).  At this stage of the proceedings, these allegations

are sufficient to plausibly plead a likelihood of injury.  *See CareDx, Inc. v. Natera, Inc.*, C.A.

No. 19-662-CFC-CJB, 2019 WL 7037799, at *12 (D. Del. Dec. 20, 2019) (denying motion to

dismiss a Lanham Act false advertising claim after finding fifth element adequately pleaded a

likelihood of future lost sales due to allegedly false statements).

Defendant also argues more generally that the Lanham Act claim is not pleaded with

sufficient particularity because it does not describe the relevant source, dates, medium, or other

critical information about the allegedly false advertisements.  (D.I. 13 at 5-6; D.I. 17 at 2)  The

parties agree that an "intermediate" pleading standard falling between the Rule 8(a) and Rule

9(b) standards applies to the false advertising claim in the instant case.  (D.I. 13 at 5; D.I. 15 at 3-

4)  "The slightly heightened pleading requirement is necessary in Lanham Act claims because,

[i]n litigation in which one party is charged with making false statements, it is important that the

party charged be provided with sufficiently detailed allegations regarding the nature of the

alleged falsehoods to allow him to make a proper defense."  *Trans USA Prods. v. Howard*

*Berger Co.*, 2008 WL 852324, at *5 (D.N.J. Mar. 28, 2008) (citations and internal quotation

marks omitted).

Here, the pleaded allegations are sufficiently specific to exceed the intermediate pleading standard.[2] The complaint focuses on advertisements in which Defendant represents that it has a patent on its SmartTemp technology. (D.I. 1 at ¶ 23) The complaint also offers excerpts of Defendant's advertisements and product manuals featuring the alleged misrepresentations about the SmartTemp technology. (*Id.* at ¶ 21) From these excerpts of Defendant's own advertisements, Defendant should be able to determine the source of this content, the approximate dates the information was circulated, and other pertinent information.

In *New Jersey Physicians United Reciprocal Exchange v. Boynton & Boynton, Inc.*, 141 F. Supp. 3d 298 (D.N.J. 2015), a case cited by both parties, the court concluded that the pleading satisfied the intermediate standard by alleging that an unknown representative "verbally advised" a representative of the opposing party that it had received a favorable rating from a ratings agency. *Id.* at 308. The court noted that, while the counterclaimant "does not allege the exact content of the [allegedly false] statement," the two-month date range during which the statement was made and the allegation about the nature of the statement and why that statement was false were sufficient to put the counterclaim defendant on notice of the claim. *Id.* The focus of the court's analysis was on the content and falsity of the misrepresentation. *Id.* at 308-09. The inclusion of an approximate two-month date range provided greater specificity regarding a verbal statement made by an unknown individual. *Id.* Here, in contrast, Plaintiff's provision of the advertisement excerpts in the body of the pleading gives Defendant sufficient notice of the

---

[2] The court applies the intermediate standard in this case based on both parties' agreement that the intermediate pleading standard should apply. The court does not reach the split of authority on whether false advertising claims under the Lanham Act should be evaluated under the notice pleading standard of Rule 8(a), the intermediate pleading standard, or the heightened pleading standard of Rule 9(b). *See Shure Inc. v. Clearone, Inc.*, C.A. No. 19-1343-RGA-CJB, 2020 WL 2839294, at *5-6 & n.12 (D. Del. June 1, 2020) (citing cases and rejecting application of the intermediate pleading standard).

precise allegations to ascertain from its own records any additional details about the
misrepresentations, such as when and where they were made.

For the foregoing reasons, I recommend that the court deny Defendant's motion to
dismiss Plaintiff's Lanham Act false advertising claim at Count II of the complaint.

## B.  Count III:  Violation of the Delaware Deceptive Trade Practices Act

Next, Defendant argues that Plaintiff's cause of action under the DTPA should be
dismissed for four reasons, none of which is persuasive.  (D.I. 13 at 8-13)  First, Defendant
contends that the DTPA allegations rise and fall with the false advertising claim under the
Lanham Act.  (*Id.* at 9-10)  In support of this argument, Defendant cites *Peloton Interactive, Inc.
v. ICON Health & Fitness, Inc.*, which explained that "[c]ourts in this District typically treat
DTPA claims and Lanham Act claims as rising and falling together, while accounting for the
lower pleading burden under DTPA."  C.A. No. 20-662-RGA, 2021 WL 2188219, at *8 (D. Del.
May 28, 2021).  For the reasons set forth at § III.A, *supra*, Plaintiff has adequately stated a
Lanham Act claim under a higher pleading standard than the Rule 8 standard applicable to
Plaintiff's DTPA claim.  *See Keurig, Inc. v. Strum Foods, Inc.*, 769 F. Supp. 2d 699, 712 (D. Del.
2011) (explaining that a plaintiff need not prove competition between the parties or actual
confusion under the lower pleading standard applicable to the DTPA); *see also Treasury Mgmt.
Servs., Inc. v. Wall Street Sys. Del., Inc.*, C.A. No. 16-283-SLR, 2017 WL 1821114, at *5 (D.
Del. May 5, 2017) (declining to dismiss a DTPA claim based on the conclusion that the Lanham
Act claim was sufficiently pleaded).  Consequently, dismissal of Plaintiff's DTPA claim is not
supported by Defendant's first argument.

Second, the complaint's failure to expressly identify the specific subsection of the DTPA
that pertains to Defendant's alleged conduct is not enough, under these circumstances, to warrant

dismissal of the DTPA claim. (D.I. 13 at 10) The complaint specifies that the DTPA claim is
brought under 6 *Del. C.* § 2532, and the language of Count III mirrors that of 6 *Del. C.* §
2532(a)(5):

| Complaint (D.I. 1 at ¶ 50) | 6 *Del. C.* § 2532(a)(5) |
|---|---|
| "In making the claim about the Accused Products being patented when they were not, LoCo has misrepresented that its good possess a beneficial and material characteristic that is not accurate." | "A person engages in a deceptive trade practice when . . . that person . . . [r]epresents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have[.]" |

Under similar circumstances, the case law from this district supports denying a motion to dismiss
a DTPA claim. *See EIS, Inc. v. WOW Tech Int'l GmbH*, C.A. No. 19-1227-LPS, 2020 WL
7027528, at *5 (D. Del. Nov. 30, 2020) ("[W]hile it is true that the FAC fails to identify any
specific subsection of the DDTPA, and courts have pointed to similar failings as pleading
deficiencies . . . in context the FAC adequately pleads which subsections are implicated by
Plaintiff's allegations[.]"); *10x Genomics, Inc. v. Celsee, Inc.*, C.A. No. 19-862-CFC-SRF, 2019
WL 5595666, at *7-8 (D. Del. Oct. 30, 2019) (denying motion to dismiss DTPA claim despite
complaint's failure to identify specific subsection because the language in the complaint
mirrored the applicable DTPA subsections, providing sufficient notice to the defendant). Here,
the DTPA claim is sufficient to put Defendant on notice of the allegations against it, rendering
this case more like *EIS* than *Kimberly-Clark Worldwide, Inc. v. Cardinal Health 200, LLC*,
where the complaint alleged violations of seven states' unfair competition laws and did not
identify any general section under Title 6 of the Delaware Code. C.A. No. 11-1228-RGA, 2012
WL 3063974, at *4 (D. Del. July 27, 2012).

Third, Defendant argues that the DTPA claim should be dismissed because it fails to state
a claim for injunctive relief and identifies only past, isolated instances instead of a pattern of

ongoing deceptive conduct. (D.I. 13 at 11-12)  The allegations in the complaint do not support Defendant's position.  The complaint describes the parties' exchange of correspondence following Plaintiff's cease-and-desist letter dated August 24, 2022 and expressly states that Defendant "continues to deceive the public with its false marking and false advertising, continuing to market its products as containing 'patented' SmartTemp technology." (D.I. 1 at ¶ 26)  Because Defendant "has caused, and unless restrained and enjoined will continue to cause, irreparable harm to [Plaintiff] that cannot be cured or measured with money damages alone[,]" the complaint states that Plaintiff "is entitled to preliminary and permanent injunctive relief preventing [Defendant] from continuing to engage in false advertising." (*Id.* at ¶ 53)  Defendant's position that the complaint fails to plead a likelihood of success on the merits and irreparable injury misses the mark. (D.I. 13 at 12)  As confirmed by Defendant's cited case law, these are the requirements that must be satisfied to prevail on a motion for injunctive relief, as opposed to a Rule 12(b)(6) motion to dismiss. *See Kostyshyn v. Pierce*, C.A. No. 16-235-SLR, 2017 WL 359166, at *1 (D. Del. Jan. 23, 2017) (denying habeas petitioner's emergency petition for injunctive relief); *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151 (3d Cir. 1999) (reversing the district court's grant of a motion for a preliminary injunction).

Finally, Defendant alleges that Plaintiff's DTPA claim is preempted by the federal false marking statute at 35 U.S.C. § 292 because the complaint is devoid of allegations of bad faith. (D.I. 13 at 12-13); *see Clontech Labs., Inc. v. Invitrogen Corp.*, 263 F. Supp. 2d 780, 795 (D. Del. 2003), *rev'd in part on other grounds*, 406 F.3d 1347 (Fed. Cir. 2005) (concluding that DTPA claims were preempted by federal patent law following a bench trial because the plaintiff "failed to come forward with evidence of bad faith[.]").  Plaintiff responds that the complaint sufficiently alleges facts directed to Defendant's bad faith, thereby precluding preemption. (D.I.

10

15 at 13)  The complaint supports Plaintiff's position.  Specifically, the complaint alleges that Defendant "is fully aware of the fact that no such LoCo patent exists for this purported invention," and Defendant continued to market its products as containing patented SmartTemp technology even after receiving Plaintiff's cease-and-desist letter on August 24, 2022.  (D.I. 1 at ¶¶ 25-27)  Consequently, Plaintiff's DTPA claim is not preempted by federal patent law.

For the foregoing reasons, I recommend that the court deny Defendant's motion to dismiss Plaintiff's DTPA claim at Count III of the complaint.

### C.  Count IV:  False Marking Under 35 U.S.C. § 292

Defendant contends that Plaintiff's cause of action for false marking at Count IV of the complaint should also be dismissed.  (D.I. 13 at 14-17)  The heightened pleading standard of Rule 9(b) applies to claims for false marking brought under 35 U.S.C. § 292.  *See In re BP Lubricants USA, Inc.*, 637 F.3d 1307, 1309 (Fed. Cir. 2011).  To state a claim for false marking under § 292, the complaint must allege that: (1) the defendant marked an unpatented article; and (2) the defendant intended to deceive the public.  *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 622 (D. Del. 2014).  The complaint must further allege that the plaintiff "suffered a competitive injury as a result of the false marking."  *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1373 (Fed. Cir. 2013).  According to Defendant, the complaint fails to satisfy the Rule 9(b) standard and does not plausibly allege intent to deceive or competitive injury.  (D.I. 13 at 14-17)

First, Defendant argues that the complaint does not include details regarding where the fraudulent statements were published, who published them, or the date and times they were published as required under Rule 9(b).  (D.I. 13 at 14)  But the complaint includes excerpts of the allegedly false statements sufficient to show where the false marking was published, Defendant's responsibility for the false marking, and the continuing nature of the false marking.  (D.I. 1 at ¶¶

21, 23, 25-27)  The only case cited by Defendant addressed a claim for fraud under New Jersey state law.  *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).  Defendant does not direct the court to any analogous cases in which a false marking claim was found to be deficient under the heightened Rule 9(b) standard.

Next, Defendant contends that the complaint does not allege facts supporting deceptive intent and instead rests on conclusory allegations.  (D.I. 13 at 14-15)  For the reasons previously discussed in connection with Defendant's federal preemption argument at § III.B, *supra*, the complaint plausibly alleges that Defendant acted with the requisite scienter by continuing to falsely represent its SmartTemp technology was patented even after Plaintiff sent Defendant the cease-and-desist letter and engaged in subsequent correspondence with Defendant about the allegations.  (D.I. 1 at ¶¶ 25-27)  Taking these allegations as true and drawing all reasonable inferences in favor of Plaintiff, it is reasonable to infer that Defendant knew its SmartTemp technology was not patented and intended to deceive consumers by continuing to represent the SmartTemp technology was patented despite that knowledge.  *See Brinkmeier v. Graco Children's Prods. Inc.*, 767 F. Supp. 2d 488, 496, 499 (D. Del. 2011) ("[F]or purposes of pleading, a plaintiff must allege specific facts to plausibly suggest that the defendant had knowledge of the mismarking," although "actual knowledge" is not required).

This case is distinguishable from the facts in *Cot'n Wash, Inc. v. Henkel Corp.*  There, the court found the pleaded allegations of intent to deceive were insufficient because they generally alleged the plaintiffs knew their products were not covered by the asserted patent, but they falsely marked those products anyway to gain a competitive advantage.  56 F. Supp. 3d 613, 623-24 (D. Del. 2014).  The court concluded that, while these allegations objectively demonstrated the plaintiffs' knowledge that the products were falsely marked, they did not plausibly establish

that the plaintiffs intended to deceive consumers. *Id.* at 624.  In contrast, the complaint in this case specifically alleges that Plaintiff notified Defendant that its SmartTemp products were not covered by a patent in August of 2022, setting off an exchange of correspondence between the parties. (D.I. 1 at ¶ 26)  Despite this explicit notice, the complaint alleges that Defendant continued to represent that its SmartTemp technology was patented in its advertising and user manuals. (*Id.* at ¶¶ 26-27)  Viewing these allegations in the light most favorable to Plaintiff, it is plausible to infer that Defendant intended to deceive consumers about the patent status of its products featuring SmartTemp technology. *See Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362-63 (Fed. Cir. 2010) ("[T]he combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent.").

Finally, Defendant alleges that Plaintiff's false marking claim should be dismissed because it does not allege sufficient facts establishing a competitive injury. (D.I. 13 at 16-17) The parties agree that a competitive injury for purposes of § 292 may include "the loss of sales due to unfair competition; a disadvantage in a plaintiff's ability to compete with a defendant, caused by the defendant's unfair competition." *Gravelle v. Kaba Ilco Corp.*, 684 F. App'x 974, 978 (Fed. Cir. 2017).  Specific instances of competitive injury do not need to be pled to state a claim for false marking. *See Cot'n Wash*, 56 F. Supp. 3d at 624.  And here, the pleaded allegations support a causal link between the false marking and competitive injury by asserting that the parties are direct competitors, and Defendant's false representations about the patent status of its SmartTemp technology resulted in lost sales when consumers view the parties' products on store shelves in Lowes or Home Depot. (D.I. 1 at ¶¶ 28-29)  Similar allegations have  been deemed sufficient to withstand a motion to dismiss in this district. *See Liqwd, Inc. v.*

*L'Oreal USA, Inc.*, C.A. No. 17-14-JFB-SRF, 2019 WL 10252725, at *17 (D. Del. Apr. 30, 2019) (rejecting argument that pleaded allegations of competitive injury were too generic where the pleading alleged false marking resulted in lost sales and loss of market share where the parties were direct competitors).

For the foregoing reasons, I recommend that the court deny Defendant's motion to dismiss Plaintiff's cause of action for false marking under 35 U.S.C. § 292 at Count IV of the complaint.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that the court DENY Defendant's motion to dismiss.  (D.I. 12)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2).  The objections and responses to the objections are limited to ten (10) pages each.  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.  *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: January 23, 2024

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

14