IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORTH ATLANTIC IMPORTS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 23-999-GBW-SRF ) |
| LOCO-CRAZY GOOD COOKERS, INC., | ) ) |
| Defendant. | ) |

### MEMORANDUM ORDER

At Wilmington this **19th** day of **November, 2024**, the court having considered the amended motion to stay pending *inter partes* review ("IPR") filed by defendant LoCo – Crazy Good Cookers, Inc. ("Defendant") (D.I. 58),[1] IT IS ORDERED that the motion is DENIED for the following reasons:

1. **Background.** Plaintiff North Atlantic Imports, LLC (d/b/a "Blackstone") makes and sells outdoor cooking griddles and accessories. (D.I. 1 at ¶ 10) Blackstone's patent portfolio includes U.S. Patent No. 10,660,473 ("the '473 patent"), which issued on May 26, 2020 and covers a method of maintaining convection heat within a griddle:



---

[1] The briefing associated with the pending motion to stay is found at D.I. 59, D.I. 61, and D.I. 62.

(D.I. 1 at ¶¶ 15-17; Ex. A at Abstract) Although Blackstone owns all right, title, and interest in the '473 patent, Blackstone represents that it "has not, and does not, practice the '473 Patent." (D.I. 59, Ex. J at 27)

2. In 2022, Defendant entered the market of outdoor cooking griddles by selling products that allegedly copied Blackstone's products and used Blackstone's registered trademarks. (D.I. 1 at ¶¶ 12-13) On August 24, 2022, Blackstone sent Defendant a cease-and-desist letter informing Defendant that its Model Nos. LCG3ST3C36 and LCG1STTC36 (the "Accused Products") infringe the '473 patent and its advertisements for products containing Defendant's "SmartTemp" technology falsely represent that the technology was patented. (*Id.* at ¶¶ 18-19, 26-27) Nonetheless, Blackstone alleges that Defendant continues to infringe the '473 patent and falsely mark and advertise its products as containing "patented" SmartTemp technology. (*Id.*)

3. Blackstone filed this civil action against Defendant on September 8, 2023, alleging causes of action for infringement of the '473 patent under 35 U.S.C. § 271, false advertising under 15 U.S.C. § 1125(a), deceptive trade practices under the Delaware Deceptive Trade Practices Act, 6 *Del. C.* § 2532, and false marking under 35 U.S.C. § 292. (*Id.* at ¶¶ 31-62) Six months later, the court entered a scheduling order setting a fact discovery deadline of April 24, 2025, a case dispositive motion deadline of September 9, 2025, and a five-day jury trial set to begin on February 23, 2026. (D.I. 27) A hearing on claim construction is scheduled to go forward on January 8, 2025. (*Id.*)

4. On March 22, 2024, weeks after the entry of the scheduling order, Defendant filed an IPR petition with the Patent Trial and Appeal Board ("PTAB") to challenge the validity of

fifteen of the sixteen asserted claims of the '473 patent.[2] (D.I. 59, Ex. C) The PTAB instituted proceedings on Defendant's IPR petition on October 8, 2024. (*Id.*, Ex. E) A final written decision on fifteen of the sixteen asserted claims in the '473 patent is expected by October 8, 2025, about a month after the deadline for case dispositive motions in this litigation. On October 25, 2024, Defendant filed its amended motion to stay this case pending the outcome of the IPR proceedings. (D.I. 58)

**5. Legal standard.** A court has discretionary authority to grant a motion to stay. *454 Life Scis. Corp. v. Ion Torrent Sys., Inc.*, C.A. No. 15-595-LPS, 2016 WL 6594083, at *2 (D. Del. Nov. 7, 2016). Courts consider three factors in deciding how to exercise this discretion: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021).

**6.** This three-factor test "is not a rigid template for decision. Rather, district courts retain the discretionary prerogative to balance considerations beyond those captured by the three-factor stay test." *TC Tech. LLC v. Sprint Corp.*, C.A. No. 16-153-WCB, 2021 WL 4521045, at *4 (D. Del. Oct. 4, 2021) (internal citations and quotation marks omitted). "[U]ltimately the court must decide stay requests on a case-by-case basis, and whether a stay should be granted turns in each case on the totality of the circumstances." *See Brit. Telecommc'ns PLC v. IAC /*

---

[2] The fifteen claims of the '473 patent asserted in both this action and the IPR are claims 1 to 4, 6, 7, 10 to 13, and 15 to 20. In this action, Blackstone also asserts dependent claim 19, which is not the subject of the IPR proceeding. (D.I. 59, Ex. C at 4)

*InterActiveCorp.*, C.A. No. 18-366-WCB, 2020 WL 5517283, at *5 (D. Del. Sept. 11, 2020) (internal citations and quotation marks omitted).

7. **Analysis.** The court has considered the relevant factors in the stay analysis and applied them to the facts of the instant case. On balance, these factors weigh against staying the case.

8. *Simplification of issues.* The first factor, which is considered "[t]he most important factor bearing on whether to grant a stay," weighs against the entry of a stay. *British Telecommc'ns PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2019 WL 4740156, at *7 (D. Del. Sept. 27, 2019). Blackstone's false advertising, deceptive trade practices, and false marking claims will not be narrowed or eliminated when the PTAB issues a final written decision on the instituted claims of the '473 patent. (D.I. 1 at ¶¶ 41-62) Defendant speculates that these three causes of action "are substantively weak and were likely appended to this patent case in an effort to avoid a stay." (D.I. 59 at 11) Regardless, the claims survived the pleading stage and they remain a part of the case.

9. Defendant acknowledges that the false advertising, deceptive trade practices, and false marking claims are legally unrelated to the issues before the PTAB in the IPR proceeding. (D.I. 59 at 12) (citing *PopSockets LLC v. Quest USA Corp.*, 2018 WL 4660374, at *2 (E.D.N.Y. Sept. 28, 2018)). Nonetheless, Defendant contends that the facts and evidence supporting these claims overlap with the facts relevant to Blackstone's infringement claim, particularly as those facts relate to damages. (*Id.* at 11-12) But "the legal issues at play in this proceeding and the [PTAB] proceeding are substantially different, and the discovery regarding those issues should . . . look fairly different as well." *FMC Corp. v. Summit Agro USA, LLC*, C.A. No. 14-51-LPS, 2014 WL 3703629, at *3 (D. Del. July 21, 2014) (denying a stay of non-patent Lanham Act and

4

state law claims during pendency of ITC proceeding). For example, the damages for Blackstone's non-patent claims may be quantified by weighing "the impact that the presence or absence of certain labeling would have on purchasers[.]" *Id.* Defendant does not explain how labeling on the accused products would also factor into the damages analysis for infringement of the '473 patent.

**10.** In sum, three of the four causes of action in Blackstone's complaint will not be simplified by the PTAB's issuance of a final written decision on the '473 patent, and the remaining infringement claims may arguably be greatly simplified but not in their entirety. Similarly, the PTAB's final written decision may resolve portions of Defendant's anticipation and/or obviousness counterclaims and defenses while leaving other invalidity and equitable defenses intact. Because the PTAB's final written decision may "simplify some portion of the issues for trial, but would not simplify the majority of the case[,]" this factor weighs against granting a stay. *Siemens Indus., Inc. v. Westinghouse Air Brake Techs. Corp.*, C.A. No. 16-284-LPS, 2018 WL 3046511, at *1 (D. Del. June 20, 2018).

**11.** ***Status of the litigation.*** The second stay factor is neutral. The entry of a stay is favored in the early stages of the litigation, when the "most burdensome stages of the case—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future." *Bio-Rad Labs. Inc. v. 10X Genomics, Inc.*, C.A. No. 18-1679-RGA, 2020 WL 2849989, at *1 (D. Del. June 2, 2020) (quoting *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB *et al.*, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019)). Courts also consider whether fact discovery or claim construction have begun and whether a trial date has

5

been set. *See CAO Lighting*, 2022 WL 17752270, at *2; *SITO Mobile R&D IP, LLC v. World Wrestling Ent'mt, Inc.*, C.A. No. 21-721-CFC, 2021 WL 7628181, at *2 (D. Del. Dec. 20, 2021).

12. This litigation has been pending for over a year. A scheduling order was entered on March 1, 2024, setting a trial date in February of 2026. (D.I. 27) The parties have exchanged contentions and some fact discovery, and Blackstone has taken two depositions of fact witnesses. (D.I. 59, Exs. F, J, L; D.I. 61, Ex. B) Briefing on claim construction was complete as of November 18, 2024. (D.I. 27 at ¶ 9) Consequently, this case is no longer in its earliest stages. *Cf. SITO Mobile*, 2021 WL 7628181, at *2 (staying case where no scheduling order had been entered, fact discovery and claim construction had not begun, and no trial date was set).

13. Although the most burdensome stages of the case are yet to come, the PTAB's final written decision is expected well before the arrival of the trial and post-trial dates. *Bio-Rad*, 2020 WL 2849989, at *1. The PTAB is due to issue its final written decision on October 8, 2025, before the completion of briefing on case dispositive motions in this litigation. (D.I. 27 at ¶ 12(a)) The court will have the benefit of the PTAB's final written decision before resolving summary judgment motions, and the scope of the issues pertaining to infringement and validity of the '473 patent will be apparent well in advance of the February 23, 2026 trial date. (*Id.* at ¶ 17)

14. Staying the case now will also not meaningfully preserve resources on claim construction because the parties' exchange of briefing is complete. (D.I. 27 at ¶ 9) Proceeding with the *Markman* hearing on a single disputed claim term is not overly burdensome for the parties or the court. (D.I. 48) Moreover, the court's resolution of the parties' claim construction dispute will not be cumulative of the PTAB's efforts because Defendant raised no claim construction issues in its IPR petition. (D.I. 59, Ex. C at 5) ("In view of Patent Owner's broad

infringement allegations, Petitioner does not believe any term needs to be construed to determine the claims are rendered obvious over the prior art cited herein.").

15. ***Prejudice to the nonmoving party.*** Considerations of prejudice to the nonmoving party also weigh against a stay. The court evaluates four factors to determine whether a stay will be prejudicial to Blackstone or result in a clear tactical advantage for Defendant: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties. *See CAO Lighting*, 2022 WL 17752270, at *3. Blackstone does not challenge Defendant's arguments on the first three factors and instead focuses on the fourth and final factor regarding the relationship between the parties. (D.I. 61 at 6-9, 11) Case authority from this district emphasizes the importance of this subfactor to the stay analysis. *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, C.A. No. 14-1192-LPS-CJB *et al.*, 2015 WL 1737476, at *3 (D. Del. Apr. 9, 2015).

16. The relationship of the parties weighs against a stay because Blackstone and Defendant are direct competitors in the market for propane griddles. "[W]hen the parties are direct competitors, there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill." *SenoRx, Inc. v. Hologic, Inc.*, C.A. No. 12-173-LPS-CJB, 2013 WL 144255, at *8 (D. Del. Jan. 11, 2013). This is true "[e]ven in cases where there are a fair number of other competitors in the market[.]"[3] *Kaavo*, 2015 WL 1737476, at *3. The court is not persuaded by Defendant's attempt to

---

[3] Defendant suggests that there is no risk of continued false advertising and false marking of the accused products because Defendant has corrected its marketing materials. (D.I. 59 at 17) Plaintiff refutes Defendant's position, citing recent deposition testimony allegedly confirming Defendant's false advertising continues. (D.I. 61 at 7-8) The parties' substantive dispute on the merits of Plaintiff's non-patent causes of action does not alter the court's analysis on the pending motion to stay.

7

characterize Blackstone as a non-practicing entity because Blackstone's products do not practice the '473 patent. (D.I. 59 at 16) Defendant acknowledges that the parties "compete in the propane griddle industry generally[.]" (*Id.*)

17. Defendant suggests that allegations of prejudice arising from the parties' status as direct competitors are undercut by Blackstone's failure to move for a preliminary injunction at the outset of the case. (D.I. 59 at 18) But "the failure to seek a preliminary injunction could well be related to other factors (such as the high burden one most face to obtain a preliminary injunction and the difficulty in doing so without first having access to substantial discovery) and thus might not shed much light on the amount of prejudice the non-moving party will face from a stay." *SenoRx*, 2013 WL 144255, at *8. Blackstone's decision not to move for a preliminary injunction does not favor a stay where, as here, "the fact of direct competition [is] not in any serious dispute[.]" *Id.* On balance, the stay factors weigh against a stay of these proceedings.

18. ***Blackstone's alternative request for relief.*** Blackstone requests leave to file a motion to sever if the court grants Defendant's motion to stay. (D.I. 61 at 11-12) Having denied Defendant's motion to stay, this issue is moot.

19. **Conclusion.** For the foregoing reasons, Defendant's motion to stay pending resolution of the IPR proceeding is DENIED. (D.I. 58)

20. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**21.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

                                                                                              _____
                                                                                              Sherry R. Fallon
                                                                                              United States Magistrate Judge